UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CONSUELO LAMB                                                                                    PLAINTIFF

V.                                      No. 3:22-CV-210-BRW-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                   DEFENDANT

### RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson may adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I.  Introduction

On September 3, 2019, Consuelo Lamb ("Lamb") filed a Title II application for a period of disability and disability insurance benefits. (Tr. at 17). In the application, she alleged disability beginning on October 22, 2014.[1] *Id*. After

---

[1] At the hearing, Lamb amended her alleged onset date to August 1, 2019. (Tr. at 19, 39).

1

conducting a hearing, an administrative law judge ("ALJ") denied the application in a written decision dated July 15, 2021. (Tr. at 17–28). The Appeals Council denied Lamb's request for review on May 11, 2022. (Tr. at 6–11). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Lamb has requested judicial review.

For the reasons stated below, this Court should reverse the final decision of the Commissioner and remand for further review.

## II.   The ALJ's Decision

First, the ALJ found that Lamb had not engaged in substantial gainful activity since the amended alleged onset date of August 1, 2019.[2] (Tr. at 19). At Step Two, the ALJ determined that Lamb has the following severe impairments: (1) disorders of the spine; (2) hypertension; (3) diabetes mellitus; (4) obesity; (5) right wrist de Quervain's syndrome with cyst;[3] and (6) bilateral carpal tunnel syndrome. *Id*.

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 CFR §§ 404.1520(a)–(g), 416.920(a)–(g).

[3] De Quervain's syndrome is swelling of the tendons that run along the thumb side of the wrist and attach to the base of the thumb. https://orthoinfo.aaos.org/en/diseases--conditions/de-quervains-tendinosis

At Step Three, the ALJ determined that Lamb's impairments did not meet or equal a listed impairment.[4] (Tr. at 20–22). Before proceeding to Step Four, the ALJ determined that Lamb had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations: (1) she could no more than occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; (2) she could no more than occasionally push, pull, and reach overhead with both upper extremities; (3) she could never climb ladders, ropes, or scaffolds; (4) she could no more than frequently handle, finger, and feel with both upper extremities; and (5) she could perform unskilled work with routine and repetitive tasks. (Tr. at 22).

At Step Four, the ALJ determined that Lamb is unable to perform any of her past relevant work. (Tr. at 26). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Lamb's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions such as stuffer, sorter, and waxer. (Tr. at 27–28). Therefore, the ALJ concluded that Lamb was not disabled. *Id*.

---

[4] 20 CFR Part 404, Subpart P, App'x. 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526).

## III. Discussion

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard, in the context of administrative decisions, the Supreme Court has explained that: "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

## B. Lamb's Arguments on Appeal

Lamb contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) the ALJ did not properly evaluate the medical opinion of Lamb's treating provider; and (2) at Step Five, the ALJ failed to resolve a possible conflict between the *Dictionary of Occupational Titles* ("DOT") and the testimony of the VE.[5] The Court finds support for Lamb's second argument, with respect to her ability to perform jobs requiring overhead reaching; therefore, it limits its discussion thereto.[6]

Lamb certainly suffered from back and neck pain, which she treated throughout the relevant time-period. The medical evidence reveals a herniated disc in her neck, and her doctor prescribed Hydrocodone for pain. (Tr. at 23, 49–58, 406–408). She regularly reported pain levels at 7 out of 10, or above, to her treating physician. (Tr. at 320–325). Lamb explained that she had trouble lifting things and washing her hair. (Tr. at 23, 50–57).

Given Lamb's neck problems, the ALJ determined that Lamb could no more than occasionally reach overhead. (Tr. at 22). Lamb argues that this presents a conflict with the jobs identified by the VE at Step Five, which jobs all require

---

[5] The DOT is a publication describing physical and mental functional requirements of thousands of available jobs.

[6] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

frequent reaching. DOT (Stuffer #731.685-014, Sorter #521.687-086, Waxer #779.687-038); (Doc. No. 7 at 7, n.1).

At Step Five, the ALJ asked the VE if her testimony was consistent with the DOT. (Tr. at 63–66). The VE acknowledged that the DOT was silent on overhead reaching, but she did not explain whether that silence would allow Lamb to perform reaching requirements of the jobs identified. (Tr. at 64–65). The VE simply stated that her testimony was consistent with the DOT, with the exception of overhead reaching: "That information is all based on my education and experience as a vocational counselor." (Tr. at 64). This answer lacks clarity, and it does not begin to resolve the conflict pointed out by Lamb.[7] Had the VE observed the jobs in question? Could she point to evidence that the jobs could be performed in spite of

---

[7] Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *Stanton v. Berryhill*, 899 F.3d 555 (8th Cir. 2018) (vocational expert's statement that his opinion was consistent with the DOT and his experience was not a sufficient explanation, because it did not address *whether* or *why* the expert's experience provided a basis to overcome an apparent conflict with the DOT) (emphasis added); *Humphrey v. Berryhill*, No. 4:18-CV-190-ACL, 2019 WL 1359286, at *6–7 (E.D. Mo. Mar. 26, 2019) (in a similar case with a conflict in the reaching requirements for certain jobs, remand was proper in the face of a DOT conflict where the VE provided "no insight into the issue"); *Eldridge v. Berryhill*, No. 3:17-CV-00308-JTR, 2018 WL 5801533, at *2 (E.D. Ark. Nov. 6, 2018) (while ALJ asked multiple questions of the VE regarding the reaching conflict, VE testimony still did not provide insight or explanation of conflict); *Montoya v. Soc. Sec. Admin.*, No. 3:18-CV-00091 JTK, 2019 WL 2482719, at *2 (E.D. Ark. June 13, 2019) (in the face of reaching conflict, VE's response that he relied on his "experience" to address conflict was insufficient); *see instead*, *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (ALJ resolved the apparent conflict by extensively questioning the VE, who cited to a professional journal to support her testimony).

the RFC limitations? Did she cite to any occupational sources in support of her testimony? The answer on all counts is no, and this is insufficient to build an evidentiary foundation at Step Five.[8]

## IV. Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to resolve a conflict between the VE's testimony and the DOT at Step Five.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 30th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Moreover, in her opinion, the ALJ did not offer any clarifying insight into this conflict. (Tr. at 28).