IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CONSEULO LAMB                                                              PLAINTIFF

v.                              No. 3:22-cv-210-DPM

SOCIAL SECURITY
ADMINISTRATION, Commissioner                                   DEFENDANT

ORDER

After the Social Security Administration denied Consuelo Lamb's application for disability benefits, she turned to Nicholas Coleman, a lawyer. They made a contingent-fee agreement: 25% of any past-due benefits owed to Lamb. With Coleman's help, Lamb sought review in this Court and secured a remand to the ALJ. On remand, the ALJ issued Lamb a fully favorable decision, which included an award of $70,620 in past-due disability benefits. Coleman now seeks an attorney's fee of $17,655 (25% of $70,620) under 42 U.S.C. § 406(b). The question is whether that fee is reasonable for the services rendered. *Kertz v. Colvin*, 125 F.4th 1218, 1220–21 (8th Cir. 2025).

Under § 406(b), the Court must anchor its reasonableness analysis in the fee yielded by the contingency agreement. *Ibid.* A reduction may be warranted if Coleman's representation was substandard, if he was responsible for delay, or if the fee award would be a windfall to him. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Coleman has zealously represented Lamb, and the Court sees no delay on his part. But an award of $17,655 is simply too large in comparison to the amount of time he spent on this case—24.2 hours. *Doc. 23-1 at 5*. That award would boil down to an hourly rate of $729.55, which is more than double his $350/hour rate for noncontingent-fee cases. *Doc. 23-1 at 2*. Plus, the scope of Coleman's representation was "strictly limited to federal court review." *Doc. 23-2 at 1*. After the case was remanded, Lamb retained a different lawyer, Jerrold Scholtens, to represent her before the ALJ. *Doc. 23-3 at 3*. Coleman's efforts here played a big part, but not the only part, in the outcome of Lamb's case.

All material things considered, a 25% reduction is necessary to arrive at a reasonable § 406(b) attorney's fee of $13,241.25. That fee, as requested, is offset by the $5,591.20 that Coleman has already received in EAJA fees. *Doc. 24 at 10*. The net § 406(b) attorney's fee is therefore $7,650.05.

*      *      *

Motion for § 406(b) attorney's fees, *Doc. 23*, partly granted and partly denied, as specified. The Commissioner must pay Coleman a net § 406(b) attorney's fee of $7,650.05 out of Lamb's past-due benefits in accordance with agency policy.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 August 2025